UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Annette Denise Holmes, | ) | C/A No. 2:24-cv-01069-RMG-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | **(partial summary dismissal)** |
| | ) | |
| Greystar, Danielle King, Linda Keen, Eric Haskin, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by Plaintiff Annette Denise Holmes, a pro se litigant. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

Plaintiff initially filed a Complaint against Defendant Greystar. ECF No. 1. In an Order entered April 1, 2024, Plaintiff was directed to provide certain documents to bring her case into proper form. Additionally, Plaintiff was also advised of material deficiencies in her Complaint and given the opportunity to file an amended Complaint. ECF No. 8. Plaintiff filed an Amended Complaint in which she names Greystar as a Defendant. In her Amended Complaint, she also names Danielle King (King), Linda Keen (Keen), and Eric Haskin (Haskin) as Defendants. ECF No. 11. Plaintiff has provided some, but not all, of the necessary proper form documents. This case is now in substantially proper form as to Defendant Greystar.[1]

---

[1] Plaintiff failed to provide completed summons forms and completed Forms USM-285 for the newly added Defendants (King, Keen, and Haskin). In the Proper Form Order, it was noted that if Plaintiff named any new defendant(s) she also must complete a summons form and a Form USM-285 for each new defendant. ECF No. 8 at 3.

## I.    BACKGROUND

In her Amended Complaint, Plaintiff checked boxes on the standard Pro Se Complaint for Employment Discrimination form indicating she is bringing claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17, and under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 to 634.[2] ECF No. 11 at 3. She checked boxes indicating she is complaining of discriminatory conduct based on a failure to hire her, termination of her employment, unequal terms and conditions of her employment, and retaliation.

In her Amended Complaint, Plaintiff states the following facts of her case:

1. December 2021, I reported to Danielle King (Property Manager that I was subjected to Linda Keen's disparate behavior. She brushed it off.

2. Eric texted me around May 2022 from his private phone stating that I "missed a couple of things in the amenities and can I come take care of it" with a picture of chairs and a table out of place. I responded in the group text that Hardy (Porter) (Caucasian) should have taken care of those before he left. Eric comes downstairs nervous that I did stating "you text in the group". Hardy later reply that "It was left there to be repaired". Eric response to him was "no worries I just walked the property and everything looks good".

3. The next day Danielle called a meeting and said "we are a team and I can't say it's not my job." I told Eric was there and saw it, why didn't he move it? But didn't have a problem with Linda calling me a dummy and fat--.

4. Eric continued to harass me involving his friends that lived in the building. One of his friend Gabrielle, come through the lobby where I sat and saw a set of keys on my desk which was left there over the weekend. Eric calls me and said "you need to bring those keys upstairs." I did and explain to him that I left where I saw it as there wasn't a fob to identify if it belonged to a resident and the person might come back looking for them. Taylor Tucker (Leasing Agent) said "don't worry about its Gabby just told him that thinking it was the property keys." It was not.

5. Another one of his friends saw me placing a trash violation on a resident's door

---

[2] Plaintiff did not check the boxes to indicate that her claims are brought under any other federal law, relevant state law, or relevant city or county law. ECF No. 11 at 3. Nor does she appear to allege any such claims. *See id.* at 4-6.

and yelled at me "what are you doing". I emailed Danielle on July 1, about being excluded from the same privileges everyone else had. In addition to Linda's condescending, accusatory comment to me regarding the package room.

6. On July 6, I was terminated. I asked Danielle if it was due to my complaint. She said" no it was decided last week, but the holiday delayed it.

ECF No. 11 at 5 (errors in original). Plaintiff requests monetary damages. *Id.* at 7.

## II.  STANDARD OF REVIEW

This case is before the Court for pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (pleadings by non-prisoners should also be screened). Under established local procedure in this judicial district, a careful review has been made of the pro se Amended Complaint herein pursuant to the procedural provisions of § 1915, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. at 327.

This Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

3

*King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### III.    DISCUSSION

For the reasons discussed below, it is recommended that Defendants King, Keen, and Haskin be dismissed as Defendants to this action. Plaintiff's claims should be served on Defendant Greystar.

Plaintiff brings claims against King, Kern, and Haskin under Title VII and the ADEA. However, Plaintiff may not bring claims pursuant to Title VII or the ADEA against individual defendants. *See Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (stating "Title VII does not authorize a remedy against individuals for violations of its provisions"); *Lissau v. S. Food Svc., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) (holding that the plaintiff's supervisor, who plaintiff alleged was an "agent" of the employer, was not liable because an "analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations"); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510–11 (4th Cir. 1994) ("We therefore hold that the ADEA limits civil liability to the employer and that Fennessey, as a Marvel employee, is not a proper defendant in this case."); *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) (finding that Title VII, the Americans with Disabilities Act, and the ADEA do not provide causes of action against defendants in their individual capacities). Plaintiff has alleged no facts to indicate that the individual Defendants are liable under Title VII or the ADEA. Nor has she alleged any claims against these Defendants under

4

any other federal or state laws. Therefore, Defendants King, Keen, and Haskin are subject to summary dismissal.

## IV. RECOMMENDATION

Based on the foregoing, it is recommended that the Court summarily dismiss Defendants King, Keen, and Haskin. The Amended Complaint should be served on Defendant Greystar.

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

February 25, 2025
Charleston, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. \0 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).