IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Annette Denise Holmes,<br><br>   Plaintiff,<br> v.<br><br>Greystar, *et al.*,<br><br>   Defendants. | Case No. 2:24-cv-1069-RMG<br><br>**ORDER AND OPINION** |

 Before the Court is the Partial Report and Recommendation (R&R) of the Magistrate Judge recommending that Plaintiff's claims against Defendants King, Keen and Haskin be summarily dismissed. (Dkt. No. 16). No objections were filed. For the reasons set forth below, the Court adopts the R&R as the Order of the Court.

 **I. Legal Standard**

 The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Discussion

This suit arises from Plaintiff's claims of workplace discrimination based on a failure to hire her, termination of her employment, unequal terms and conditions of her employment, and retaliation. (Dkt. No. 11). Plaintiff purports to bring claims against Defendants King, Kern and Haskin under Title VII of the ADEA, but "Title VII does not authorize a remedy against individuals for violations of its provisions." (Dkt. No. 16 at 4) (quoting *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999)). As a result, the Magistrate Judge ably determined that Plaintiff's claims against these Defendants should be summarily dismissed. Finding no clear error, the Court **ADOPTS** the R&R as the Order of the Court.

## III. Conclusion

In light of the foregoing, Plaintiff's claims against Defendants King, Kern and Haskin are **DISMISSED**. Plaintiff's case against Defendant Greystar remains.

**AND IT IS SO ORDERED.**

 s/ Richard M. Gergel  
Richard Mark Gergel  
United States District Judge

March 18, 2025  
Charleston, South Carolina